# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL AARON DUTCHER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-01553-SEP |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are three motions from self-represented Plaintiff Michael Aaron Dutcher: (1) Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2]; (2) Motion to Appoint Counsel, Doc. [3]; and (3) Motion for Leave to File an Amended Complaint, Doc. [8]. For the reasons set forth below, the Application to Proceed in District Court Without Prepaying Fees and Costs is granted, the Motion to Appoint Counsel is denied without prejudice, and the Motion for Leave to File an Amended Complaint is denied as moot.

### DISCUSSION

**I.     Application to Proceed in District Court Without Prepaying Fees or Costs**

An inmate bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If they have insufficient funds in their prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Doc. [11]. The statement indicates an average monthly deposit of $8.50. Because Plaintiff has insufficient funds to pay the entire filing fee, the Court will assess an initial partial filing fee of $1.70.

## II.     Motion to Appoint Counsel

The Motion to Appoint Counsel is denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, "district courts may appoint counsel in such cases if convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)).  When determining whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the pro se litigant's ability to investigate the facts and present his claim, and the existence of conflicting testimony.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

On review of those factors, appointment of counsel is not warranted at this time.  Thus far, Plaintiff has demonstrated that he can adequately present his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses.

## III.    Motion for Leave to File an Amended Complaint

Plaintiff also filed a Motion for Leave to File an Amended Complaint, but he has not submitted a proposed amended complaint.  Under the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course no later than 21 days after the defendant files a responsive pleading.  *See* Fed. R. Civ. P. 15(a)(1).  Because the Complaint is pending initial review under § 1915(e)(2)(B), it has not been served on Defendants, and no responsive pleading is yet due.  Therefore, Plaintiff may file an amended complaint without the Court's leave, and the Motion for Leave to File an Amended Complaint is therefore denied as moot.  The Clerk of Court will send Plaintiff another prisoner civil rights complaint form.  The Court cautions Plaintiff that an amended complaint will **completely replace** the original complaint.  Any allegations not realleged will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.70 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, Doc. [8], is **DENIED as moot** because Plaintiff does not yet need permission from the Court to file an amended complaint.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the Court's form for a prisoner civil rights complaint under 42 U.S.C. § 1983.

Dated this 6th day of June, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE