UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL AARON DUTCHER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-01553-SEP |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Michael Aaron Dutcher's Motion for a Temporary Restraining Order. Doc. [26]. For the reasons set forth below, the motion is denied.

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. On June 18, 2024, he filed an amended complaint in this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names 33 defendants, including administrators at the Missouri Department of Corrections (MDOC); administrators at the Iowa Department of Corrections (IDOC); officers at Plaintiff's prior institution, Jefferson City Correctional Center; and officers at PCC. Plaintiff alleges Defendants are violating his due process rights by housing him in administrative segregation indefinitely.

In his motion for a temporary restraining order (TRO), Plaintiff alleges that since filing his lawsuit, he has been retaliated against by officers at PCC. Doc. [26] at 7. He reports receiving death threats and falsified conduct violations. *Id*. at 7-8. He seeks a transfer to Crossroads Correctional Center, where he states he will be safer and closer to his home in Iowa.[1]

### DISCUSSION

When determining whether to grant injunctive relief, district courts apply "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is

---

[1] On September 15, 2021, Plaintiff transferred to MDOC from IDOC via an Interstate Corrections Compact. Doc. [26] at 6.

determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc*, 799 F.2d 1219, 1222 (8th Cir. 1986).

"[J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id*. at 521. The "danger must be more than a mere possibility." *Id*. Courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. The moving "party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706) (8th Cir. 2011). Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Plaintiff seeks a temporary restraining order and a preliminary injunction transferring him from PCC to Crossroads Correctional Center in Iowa. Plaintiff alleges that he is being retaliated against at PCC for filing civil rights litigation against MDOC and PCC administrators and officers. *See* Doc. [26] at 7-10. He says he has been issued false conduct violations, and other inmates are being propositioned by staff to kill him in exchange for tobacco and other favors. *Id*. He claims staff members have threatened that, if he continues to pursue his litigation, they will "make [his] life hell." *Id*. at 10. He also alleges the false conduct violations will ultimately affect his prisoner classification.

Plaintiff has not carried his burden of demonstrating that injunctive relief is warranted. First, he has not demonstrated the threat of irreparable harm. Plaintiff states that prison officials have been attempting to coerce other inmates to harm or kill him. He states that "if plaintiff is placed in a double-man cell or in general population at PCC, he may be placed around an inmate willing to perform his hit for PCC staff." *Id*. at 14. Plaintiff, in his Amended Complaint, alleges that he is currently in administrative segregation and has been in administrative segregation since his initial classification hearing on September 7, 2022. *See* Doc. 20 at 15. The basis of his civil rights claim is that Defendants are keeping him in administrative segregation indefinitely. *Id*. at 20. In his motion for a TRO, he states that eight specific officers and "numerous other officers" have told him that PCC administrators have said that, for as long as he is housed at PCC, he will

2

never be released from administrative custody. Doc. [26] at 8-9. Based on the allegations in the Amended Complaint and the motion, there is no basis to believe there is any real or imminent threat of Plaintiff being placed in a double-man cell or in general population. Moreover, if Plaintiff's life is being threatened by other inmates, Plaintiff may seek protective custody. Finally, to the extent Plaintiff alleges he has been issued false conduct violations, the Court notes that his two conduct violations were investigated by PCC and dismissed. *See* Doc. [26] at 8-9. Plaintiff has not met his burden of showing a threat of violence at the hands of other prisoners that is "both real and immediate." *Goff*, 60 F.3d at 520.

Nor has he demonstrated any irreparable harm arising out of the two conduct violations that were later found to be unsubstantiated. There is little chance that his prisoner classification will be negatively impacted by allegations that were subsequently found to be false. Balanced against the lack of evidence of irreparable harm is the potential harm that might result if the Court were to insinuate itself into issues of prison administration and selection.

Plaintiff also has not met his burden of showing a likelihood of success on the merits. He states only that "he has a great likelihood of success on the merits" and cites to cases outside the Court's jurisdiction. *Id.* at 15-16. Plaintiff's assertions are the types of legal conclusions that the Supreme Court has found deficient, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and that this Court will not presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Finally, with respect to the fourth factor, the "effect on the public interest," *Huff*, 782 F.3d at 1021, the Court does not believe any public interest would be served by it intruding on the day-to-day business of prison administration and selection.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED**. Doc. [26].

Dated this 26th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3