UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL AARON DUTCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-cv-01553-SEP |
| | ) | |
| ANNE PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are self-represented Plaintiff Michael Aaron Dutcher's: (1) Motion to Proceed *In Forma Pauperis*, and (2) "Motion of Involuntary Dismissal." Docs. [37], [39]. For the reasons set forth below, the Court denies Plaintiff's Motion to Proceed *In Forma Pauperis* and will deny as moot Plaintiff's Motion of Involuntary Dismissal.

### BACKGROUND

On December 4, 2023, Plaintiff filed this prisoner civil rights action alleging 33 Defendants were violating his due process rights by indefinitely housing him in administrative segregation at the Potosi Correctional Center (PCC). Along with his Complaint, he filed an application to proceed in the district court without prepaying fees and costs. *See* Doc. [2]. Initially, the Court reviewed and granted Plaintiff's application. *See* Doc. [16]. Upon further review, however, the Court determined that Plaintiff had brought three prior civil actions in a court of the United States that were dismissed on the grounds that they were frivolous or malicious, or they failed to state a claim upon which relief may be granted. *See* Doc. [33]. The Court revoked his status as an *in forma pauperis* litigant under the three-strike provision of 28 U.S.C. § 1915(g) and ordered him to pay the full filing fee. *Id.*

In response, Plaintiff filed a Motion to Proceed *in Forma Pauperis* in which he claims his case falls under the exception to the three-strike provision because he is in "imminent danger of serious physical injury." Doc. [37]. He then filed a motion titled "Motion of Involuntary Dismissal," Doc. [39], in which he seeks to involuntarily dismiss his case because he is unable to pay the filing fee.[1]

---

[1] Federal Rule of Civil Procedure 41(a) provides for voluntary dismissals of actions by a plaintiff. Rule

**DISCUSSION**

The three-strikes provision of the Prison Litigation Reform Act (PLRA) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under this provision, prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous or malicious or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is in imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

The Eighth Circuit has held that the imminent danger of serious physical injury "must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred." *Id.* Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* Further, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Also, there must be a nexus between the alleged imminent danger and the claims asserted in the complaint. *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). That is, the exception applies only when "a complaint seeks to redress an imminent danger that is fairly traceable to allegedly unlawful conduct complained of in the pleading." *Id.*

Plaintiff does not contest that he has three strikes. Rather, he relies on new allegations of imminent danger of serious physical injury to claim his case falls under this exception to the three-strike rule. In his motion and accompanying affidavit, he states that he suffers from a chronic spinal condition requiring surgery and prison medical officials are delaying his treatment

---

41(b) provides for involuntary dismissals on a motion filed by a defendant. No rule provides for "involuntary" dismissal by a Plaintiff. It is unclear why Plaintiff moved to proceed *in forma pauperis* under the exception to the three-strike rule and also moved to dismiss his case.

unnecessarily. Doc. [37] at 4. His spinal condition arose out of an injury in October 2016. Although he alleges that prison officials are delaying his treatment, in his affidavit he states that over the course of the last two years he has undergone physical therapy, was seen by a radiologist, received x-rays and an MRI, and has had steroid treatments. *Id*. at 5. Recently he was referred to an outside neurosurgeon. *Id*. In October 2024, a nurse at the prison told him there was a "mix-up" and that the neurosurgeon would not see Plaintiff because of his criminal convictions. His deliberate indifference claim arises out of not being seen by the neurosurgeon.

There is no nexus between Plaintiff's alleged imminent danger and the harms set out in his original Complaint. Plaintiff's Complaint alleged he was being housed in administrative segregation indefinitely and that prison officials were violating the terms of Iowa's interstate corrections compact. In his Amended Complaint, filed six months after the original, he sought to add allegations regarding his back pain and prison officials' deliberate indifference.[2] Then, after the Court revoked his *in forma pauperis* status under the three-strikes provision, he filed the instant Motion to Proceed *In Forma Pauperis*, including allegations of imminent danger.

Even if Plaintiff had set out allegations of deliberate indifference and imminent danger in his original Complaint, his allegations are not of such severity that the Court could find an exception to the three-strike rule. The Eighth Circuit has found the imminent danger standard met in a case involving deliberate indifference to a serious medical need when an inmate's dental issues resulted in five tooth extractions and his mouth infection was spreading so fast that two more tooth extractions were required. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002). In *McAlphin*, the inmate's medical file at the prison indicated he needed immediate dental extractions. *Id*. At the time he filed his complaint, the final two extractions had not been scheduled and the infection was spreading throughout his mouth. *Id*. In a case cited by Plaintiff, a Pennsylvania district court found an inmate in imminent danger of serious physical injury when his back pain had increased such that he had suffered three falls, reinjured his back, and suffered severe migraines. *See Harris v. Beard*, 2007 WL 404042, * 2 (M.D. Pa. Feb. 1, 2007). In that

---

[2] Because of Plaintiff's three strikes, the Court did not conduct an initial review of the Complaint or Amended Complaint under § 1915(e)(2)(b), and so did not assess whether severance or dismissal of any claims was warranted under Federal Rule of Civil Procedure 21. *See, e.g.*, *Shattuck-Knaebel v. Mo. Dep't of Corr.*, No. 4:24-cv-454-HEA, 2024 WL 4591319, * 13 (E.D. Mo. Oct. 28, 2024) (severing and dismissing self-represented inmate's misjoined claims).

case, the prison officials had also denied his medications, taken away his cane, and refused him lower bunk status. He had presented all of the allegations in his complaint for inadequate medical care.

Here, the Complaint alleged no imminent danger of serious physical injury. It did not even allege a physical injury. But even if the Court were to consider Plaintiff's new allegations in his Motion to Proceed *In Forma Pauperis*, Plaintiff has not alleged an ongoing danger of the severity required to meet the imminent danger exception in § 1915(g). His motion to proceed *in forma pauperis* will be denied under the three-strike rule. Because he has stated that he is unable to pay the $405 filing fee, his case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. [37], is **DENIED** and this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion of Involuntary Dismissal, Doc. [39], is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of November, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE